Argued and submitted August 4, 1983, appeal dismissed February 8, reconsideration denied March 16, petition for review allowed April 3, 1984

See 296 Or 711, 678 P2d 267 (1984)

## STATE OF OREGON,
*Appellant,*

*v.*

## JIM SHANNON GREEN,
*Respondent.*

(81-13444; CA A26987)

675 P2d 1113

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Merrill Schneider, Sandy, argued the cause for respondent. With him on the brief was Patrick M. Birmingham, Sandy.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

## PER CURIAM

The state appeals a trial court order suppressing evidence of defendant's refusal to perform field sobriety tests from use in his trial for driving while under the influence of intoxicants. Defendant moves to dismiss the appeal on the grounds that the notice of appeal was not filed timely and was not served on the clerk of the court within the statutory time. We allow the motion to dismiss on the latter ground.

The order suppressing evidence was filed on December 14, 1982. The notice of appeal was filed in the Court of Appeals on January 13, 1983. That same day, the notice was served on the Clackamas County Clerk, but she was not the clerk of the court after December 31, 1982. A copy of the notice of appeal was not served on the trial court clerk until January 21, 1983.

ORS 138.081(1)(c) provides for service of the notice of appeal on the trial court clerk. ORS 138.071(1) requires that service be "not later than 30 days after the judgment or order appealed from was given or made." ORS 138.185(2) makes the provisions of ORS 19.033 applicable to appeals in criminal cases. ORS 19.033(2) makes service of the notice within the statutory time jurisdictional and provides that it cannot be waived or extended.

Because the state failed to serve the clerk of the court with the notice of appeal within 30 days, we are deprived of jurisdiction and must dismiss.

Appeal dismissed.